JUSTICE RICE
concurs in part and dissents in part.
¶15 I concur in affirming the order of the District Court, but dissent from the Court’s essential reversal of the District Court’s holding regarding the interpretation of the Rule 68 offer of settlement.
¶16 First, the District Court’s order is not correctly characterized in ¶ 10, which indicates that the District Court initially determined Whipps was not entitled to attorney fees as a “prevailing party” under the agreement, and thus, it was “unnecessary’ for the District Court *391 to reach the waiver issue, but “nonetheless” did. Actually, the District Court first took up the waiver issue and made it the primary focus of the decision, declaring it to be the “dispositive” issue, and holding:
A review of the Plaintiffs Complaint, indicates in both of the claimed causes of action that Plaintiff was seeking a judgment for damages, attorneys’ fees and costs. Clearly, the Defendants’ offer was not a partial offer of judgment but was intended to settle both of Plaintiffs causes of action in their entirety and Plaintiff makes no argument to the contrary.
Relying on Montana Fair Housing, the District Court concluded that the Rule 68 settlement offer was unambiguous and that Whipps waived its claim to attorney fees by accepting the offer. Then, the District Court gave a brief, two sentence discussion about the other two issues (prevailing party and effect of the satisfaction of judgment). Thus, the waiver issue is the central issue and is appropriately addressed by this Court.
¶17 In reversing the District Court’s conclusions, the Court fails to explain what about the offer made it ambiguous, particularly in light of Montana Fair Housing, which rejected a “magic-words approach” and held that an offer, to be clear and unambiguous, “need not include the words ‘attorney fees’ to effect a waiver.” Montana Fair Housing, ¶ 18. Admittedly, the magic words were not used here, but that, by itself, does not render the offer ambiguous.
¶18 I agree with the District Court’s conclusion about the offer, first, because that is the conclusion which would also be reached by the reasonable lawyer, working in the day-to-day world of litigation, who received such an offer. The offer allowed the Plaintiff to take judgment against the Defendants, plus costs, but explained that this would not constitute an admission of fault or liability. Such terms are customarily interpreted as resolving the case. Further, this offer was specifically made for purposes of Rule 68, which triggers a cost penalty to the offeree if the offeree rejects the offer and the “judgment finally obtained” is less than the offer. M. R. Civ. P. 68. Here, Plaintiffs claims included attorney fees, and thus, any judgment for attorney fees ultimately obtained, had the offer been rejected, would have been included in determining which party would suffer the payment of costs under Rule 68. Thus, attorney fees were necessarily already in the mix.
¶19 Looking to the circumstances surrounding the transaction, the parties had been negotiating by exchanging demands and offers in varying amounts until an acceptable figure was arrived at. After the *392 Plaintiffs acceptance of the offer, a notice of acceptance and a judgment against the Defendant was filed. Payment was then made by the Defendant, after which a “full” satisfaction of judgment was filed by the Plaintiff. These actions simply reinforce the unambiguous meaning of the offer. To allow a party to interpret the offer and these circumstances as somehow preserving a claim for attorney fees, in my view, encourages sharp practice and undermines the integrity of the settlement process.